**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**MYA MICHELLE MORRIS,**

Plaintiff,

v.

**CAREERSTAFF UNLIMITED, LLC, and OMNI ADMINISTRATORS, INC. d/b/a LEADING EDGE ADMINISTRATORS,**

Defendants.

**Civil Action No.**

______________

**Jury Trial: No**

**COMPLAINT**

---

Plaintiff Mya Michelle Morris ("Plaintiff"), proceeding pro se, files this Complaint against Defendants CareerStaff Unlimited, LLC ("CareerStaff") and Omni Administrators, Inc. d/b/a Leading Edge Administrators ("Leading Edge") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and alleges as follows:

## PARTIES

1. Plaintiff Mya Michelle Morris is an individual who, at all relevant times, was employed by CareerStaff as a W-2 travel nurse and received employer-sponsored health benefits through that employment.

2. Plaintiff was a participant and beneficiary within the meaning of ERISA and is entitled to bring this action under 29 U.S.C. § 1132(a).

3. Defendant CareerStaff Unlimited, LLC is a Delaware limited liability company. CareerStaff maintains a corporate office at 6333 N. State Highway 161, Suite 100, Irving, Texas 75038.

4. Upon information and belief, CareerStaff sponsored, maintained, participated in, or caused the provision of the employee health benefits at issue and exercised authority or responsibility concerning Plaintiff's eligibility, enrollment, and access to plan benefits.

5. Plaintiff's insurance identification card identifies the group as "Omni MSO LLC," the plan as "Basic HDHP Savings Plus," and the coverage as self-funded.

6. Defendant Omni Administrators, Inc. d/b/a Leading Edge Administrators is a third-party health-benefits administrator that maintains an office at 14 Wall Street, Suite 5B, New York, New York 10005.

7. Plaintiff's insurance identification card directs members to Leading Edge for health-plan administration. Upon information and belief, Leading Edge exercised authority or control over the processing, review, administration, and payment of Plaintiff's claims.

8. A true and correct copy of the front and back of Plaintiff's insurance identification card, with the member identification number redacted, is attached as Exhibit A.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under ERISA.

10. This Court also has jurisdiction under 29 U.S.C. §§ 1132(e)(1) and 1132(f).

11. Venue is proper in this District under 29 U.S.C. § 1132(e)(2) because Leading Edge maintains an office at 14 Wall Street, Suite 5B, New York, New York 10005, within the Southern District of New York, and therefore resides or may be found in this District.

## FACTS

12. Plaintiff was covered under the self-funded employee health plan during the events at issue.

13. While covered, Plaintiff commenced a medically necessary surgical treatment plan consisting of four planned stages of treatment.

14. The first stage was performed on or about March 16, 2022, at Studio City Surgery Center in California.

15. The second stage was performed on or about April 4, 2022, at the same facility while Plaintiff remained covered.

16. The providers billed substantial charges for the two completed stages.

17. Claims arising from both procedures were timely submitted, or caused to be submitted, for payment under the plan.

18. Defendants processed the claims but provided only limited plan benefits toward the submitted charges.

19. Plaintiff personally paid substantial out-of-pocket amounts toward the procedures, including amounts attributable to the plan deductible and other charges.

20. Plaintiff remained responsible for substantial unpaid medical charges after the limited claim payments.

21. The unpaid balances and disputed claim handling prevented Plaintiff from completing the remaining two planned stages of the medically necessary treatment.

22. Plaintiff repeatedly contacted Defendants and requested correction, review, and payment of the disputed claims.

23. Plaintiff never received an actual denial letter or other adverse-benefit-determination notice that adequately explained the basis for the limited payments or nonpayment, identified the specific plan provisions relied upon, or clearly explained how and where Plaintiff could appeal.

24. Defendants did not provide Plaintiff with clear appeal procedures or a meaningful opportunity for administrative review and eventually stopped responding to Plaintiff's efforts to resolve the claims.

25. Because Defendants failed to provide a compliant denial notice and meaningful appeal process, Plaintiff could not meaningfully pursue the plan's internal review procedure.

26. To the extent administrative exhaustion was required, Plaintiff exhausted the remedies reasonably available to her or, alternatively, those remedies were unavailable or should be deemed exhausted because Defendants failed to provide the required notice and a meaningful review procedure.

27. As a direct result of Defendants' acts and omissions, Plaintiff incurred unreimbursed medical expenses, remains exposed to substantial medical obligations, lost benefits allegedly due under the plan, and was unable to complete the planned treatment.

**COUNT I**
**RECOVERY OF BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)**

28. Plaintiff repeats and realleges Paragraphs 1 through 27 as though fully set forth herein.

29. At all relevant times, Plaintiff was a participant and beneficiary of an employee welfare benefit plan governed by ERISA.

30. Plaintiff submitted, or caused to be submitted, claims for covered medical benefits arising from medically necessary treatment received while she was eligible and covered under the plan.

31. Upon information and belief, Defendants possessed or exercised authority or control over Plaintiff's eligibility, claim administration, benefit determinations, review, or payment of benefits.

32. Defendants failed to administer and pay Plaintiff's claims in accordance with the terms of the plan and ERISA.

33. Under 29 U.S.C. § 1132(a)(1)(B), Plaintiff is entitled to recover benefits due under the terms of the plan, enforce her rights under the plan, and clarify her rights to benefits to the extent authorized by law.

**COUNT II**
**APPROPRIATE EQUITABLE RELIEF UNDER 29 U.S.C. § 1132(a)(3)**

34. Plaintiff repeats and realleges Paragraphs 1 through 33 as though fully set forth herein.

35. This Count is pleaded in the alternative to the extent relief under 29 U.S.C. § 1132(a)(1)(B) does not provide a complete remedy.

36. To the extent Defendants acted as fiduciaries or exercised discretionary authority or control over plan administration or assets, ERISA required them to act in the interests of participants and beneficiaries and in accordance with the governing plan documents.

37. Defendants failed to administer Plaintiff's claims consistently with those obligations, causing Plaintiff financial loss and denying her the benefit of the coverage provided through her employment.

38. Plaintiff seeks appropriate equitable relief, including restitution, surcharge, an accounting, reformation or clarification of the applicable benefit determination, and injunctive relief requiring proper administration of the disputed claims, to the extent each remedy is available under ERISA.

## COUNT III
## ALTERNATIVE EQUITABLE RELIEF FOR FAILURE TO PROVIDE ADEQUATE NOTICE AND A FULL AND FAIR REVIEW
## 29 U.S.C. §§ 1132(a)(3), 1133 AND 29 C.F.R. § 2560.503-1

39. Plaintiff repeats and realleges Paragraphs 1 through 38 as though fully set forth herein.

40. ERISA requires an adverse benefit determination to provide adequate written notice of the specific reasons for the determination, the plan provisions on which it is based, and the procedures and time limits for obtaining a full and fair review.

41. Defendants failed to provide Plaintiff with a compliant written denial or adverse-benefit-determination notice and failed to provide a clear, meaningful procedure through which Plaintiff could challenge the disputed claim payments.

42. Defendants' failure prevented Plaintiff from meaningfully pursuing internal review and deprived her of the notice and full-and-fair-review protections required by ERISA.

43. In the alternative, Plaintiff seeks an order requiring Defendants to reprocess the disputed claims, provide a compliant written benefit determination, and conduct a full and fair review consistent with ERISA and the governing plan documents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants as follows:

(a) Declaring that Defendants failed to administer Plaintiff's disputed claims in accordance with the plan and ERISA;

(b) Awarding Plaintiff all benefits due under the terms of the plan, including amounts necessary to satisfy the covered portions of the disputed medical claims;

(c) Reimbursing Plaintiff for covered out-of-pocket payments to the extent recoverable as benefits or appropriate equitable relief;

(d) Ordering Defendants to clarify Plaintiff's rights under the plan concerning the remaining stages of the medically necessary treatment plan and, to the extent covered under the governing plan, authorize and pay the applicable benefits for those remaining stages;

(e) Ordering Defendants, if necessary, to reprocess the disputed claims and provide a compliant benefit determination and a full and fair review consistent with ERISA;

(f) Awarding all appropriate equitable relief available under 29 U.S.C. § 1132(a)(3);

(g) Awarding prejudgment and post-judgment interest as permitted by law;

(h) Awarding costs and reasonable attorneys' fees to the extent permitted under 29 U.S.C. § 1132(g)(1); and

(i) Awarding such other legal or equitable relief as the Court deems just and proper.

Dated: 8/3/2026

Respectfully submitted,

s/Mya Michelle Morris
MYA MICHELLE MORRIS
Plaintiff, Pro Se

Mailing Address: 2039 Homecrest Avenue, Apt. D5
City, State ZIP: Brooklyn, NY 11229
Telephone: 347-567-3603
Email: mya.morris333@gmail.com

**EXHIBIT A**

**Insurance Identification Card**
**(Member Identification Number Redacted)**

# EXHIBIT A

BlueCross BlueShield

Genesis

**Mya Morris**

Member ID:
REDACTED

| | |
|---|---|
| Group Name: | Omni MSO LLC |
| Group No: | 000J2D834 |
| Plan Codes: | 834/332 |
| Plan Name: | Basic HDHP Savings Plus |
| RxBIN: | 017688 |
| RxPCN: | 9743 |
| RxGRP: | 19097 |

| | |
|---|---|
| Office Visit: | 30% after Ded |
| Specialist: | 30% after Ded |
| Urgent Care: | 30% after Ded |
| Emergency Room: | 30% after Ded |
| In Net Ded IND/FAM: | $3000/$6000 |
| Out of Net Ded IND/FAM: | $4500/$12000 |
| In Net OOP IND/FAM: | $6900/$13800 |
| Out of Net OOP IND/FAM: | $13800/$27600 |
| Rx Co-Pay: | $10/35%/50% |

Omni MSO LLC will utilize Leading Edge Administrators to handle member contact for health plan administration. See back for contact information.

PPO

BlueCross BlueShield

To receive maximum benefits, you must use a network provider. Precertification is required for all hospital admissions and specified out-patient procedures outlined in your SPD. In the event of an emergency, call within 48 hours of admission or the next buisness day. Failure to Precert may result in penalty.

Providers: Please file all claims with the Blue Cross and Blue Shield Plan in the state where services are rendered. If Medicare is primary, file claims to Medicare. Include the 3 digit prefix in addition to the ID number.

Possession of this card does not guarantee eligibility for benefits.

EmpiRx HEALTH

anthem.com
Leading Edge Administrators
Health Advocate/Eligibility:* 1-866-681-8686
HealthAdvocate.com/Genesis

| | |
|---|---|
| Coverage While Traveling: | 1-800-810-BLUE |
| Provider Eligibility/Benefits: | 1-800-676-BLUE |
| HealthLink Inc. | |
| Pre-Certification:* | 1-877-284-0102 |
| EmpiRx Health Member Helpline:* | 1-877-241-7123 |
| EmpiRx Health Pharmacy Helpline:* | 1-888-907-0050 |

www.empirxhealth.com

*Contracts directly with group

Services provided by Empire HealthChoice Assurance, Inc. licensee of the Blue Cross and Blue Shield Association, an association of independent Blue Cross and Blue Shield plans. Empire BlueCross BlueShield provides administrative claims payment services only and does not assume any financial risk or obligation with respect to claims.

Self-Funded Coverage

*Pharmacy Benefits Administrator, Contracts directly with group